UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JACOB LANGSTON PORTER LABELLE,

        Plaintiff,

v                                                       Case No. 20-10971-BC
                                                       Honorable Thomas L. Ludington

SHERIFF JERRY CLAYTON,

        Defendant.
_____/

**ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

On April 20, 2020, Plaintiff filed a "Petition for Release to Home Confinement, Writ of Habeas Corpus and Request for Immediate Relief." ECF No. 1. He contends that he should be released due to the spread of COVID-19 throughout Michigan.

Plaintiff claims that he is seeking habeas relief under 28 U.S.C. §2241. ECF No. 1 at PageID.2. However, because Plaintiff is serving a sentence for a state conviction, he must also meet the requirements of 28 U.S.C. §2254. The Sixth Circuit has held:

> When a prisoner begins in the district court, § 2254 and all associated statutory requirements…apply no matter what statutory label the prisoner has given the case. (Roughly speaking, this makes § 2254 the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because it makes clear that bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254.)

*Greene v. Tennessee Dep't*, 265 F.3d 369, 371 (6th Cir. 2001) (quoting *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir.2000); *see also Rittenberry v. Morgan*, 468 F.3d 331, 337 (6th Cir.) ("[S]ection 2254(a) is a limitation on the general grant of jurisdiction conferred in section 2241 that applies to cases involving prisoners subject to state court judgments.").

Under 28 U.S.C. § 2254, a habeas petitioner has the burden of proving that he or she has exhausted his or her state court remedies. *See Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994). Nowhere in all twenty-three pages of his brief does Plaintiff allege that he has sought relief with the state courts or that the state courts would be unable to furnish him relief. Accordingly, he is not entitled to a writ of habeas corpus. *Dickerson v. State of La.,* 816 F. 2d 220, 228 (5th Cir. 1987); *see also Money v. Pritzker*, 2020 WL 1820660 (N.D. Ill. Apr. 10, 2020) (plaintiffs' § 2254 habeas petition for relief owing to COVID-19 was denied because plaintiffs failed to exhaust state court remedies).

## II.

For the following reasons, Plaintiff will also be denied a certificate of appealability. A petitioner must obtain a certificate of appealability before appealing a court's denial of his habeas petition. *See* § 2253(c)(1)(A); *Greene v. Tennessee Dep't of Corrections*, 265 F. 3d 369, 372 (6th Cir. 2001) (a state prisoner who seeks habeas corpus relief under § 2241 must obtain a certificate of appealability to bring an appeal); *Stringer v. Williams*, 161 F. 3d 259, 262 (5th Cir. 1998) (pretrial detainee who challenged pending state prosecution pursuant to § 2241 was required to obtain a certificate of appealability).

Section 2253(c)(2) states, in pertinent part: "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *See also Lyons v. Ohio Adult Parole Auth.*, 105 F. 3d 1063, 1073 (6th Cir. 1997). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254. Petitioner has failed to make a substantial showing of the denial of a federal constitutional right. Further, jurists of reason would not find this Court's resolution of petitioner's claims to be debatable nor would they

conclude that Petitioner should receive encouragement to proceed further. *See Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001). Petitioner will be denied a certificate of appealability. Petitioner will also be denied leave to appeal *in forma pauperis* because the appeal would be frivolous. *Id.*

### III.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus, ECF No. 1, is **DISMISSED without prejudice.**

It is further **ORDERED** that a certificate of appealability and permission to appeal in forma pauperis are **DENIED**.

Dated: April 27, 2020               s/Thomas L. Ludington
                                    THOMAS L. LUDINGTON
                                    United States District Judge