UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JACOB LANGSTON PORTER LABELLE,

           Petitioner,

v.                                                   Case No. 20-10971
                                                   Honorable Thomas L. Ludington

SHERIFF JERRY CLAYTON,

           Respondent.

_____/

**ORDER DENYING MOTION FOR RECONSIDERATION**

On April 20, 2020, Petitioner filed a "Petition for Release to Home Confinement, Writ of Habeas Corpus and Request for Immediate Relief." ECF No. 1. He argued that he should be released due to the spread of COVID-19 throughout Michigan. The Court dismissed the petition because Petitioner had not exhausted his state court remedies as required under 28 U.S.C. §2254. ECF No. 7. He filed a motion for reconsideration, arguing that 28 U.S.C. §2254 was not applicable to his situation because he had only been convicted by a state court, not sentenced by a state court. ECF No. 9. Respondent filed a response to Petitioner's motion, contending that though 28 U.S.C. §2254 was not applicable, Petitioner was still precluded from bringing a habeas claim because he had not exhausted his state court remedies as required by 28 U.S.C. §2241.

Petitioner's motion for reconsideration will be denied.

**I.**

Pursuant to Eastern District of Michigan Local Rule 7.1(h), a party may file a motion for reconsideration of a previous order, but must do so within fourteen days of the order's entry. A motion for reconsideration will be granted if the moving party shows: "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733-34

(E.D. Mich. 2002). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997)). "[T]he Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). *See also Bowens v. Terris*, No. 2:15-CV-10203, 2015 WL 3441531, at *1 (E.D. Mich. May 28, 2015).

## II.

An individual bringing a petition under 28 U.S.C. §2241 is required to exhaust their state court remedies prior to seeking habeas relief. *Atkins v. People of State of Mich.*, 644 F.2d 543, 546 (6th Cir. 1981). Federal courts abstain from entertaining unexhausted habeas petitions to promote comity with state courts.

> Abstention from the exercise of the habeas corpus jurisdiction is justified by the doctrine of comity, a recognition of the concurrent jurisdiction created by our federal system of government in the separate state and national sovereignties. Intrusion into state proceedings already underway is warranted only in extraordinary circumstances. Thus the doctrine of exhaustion of state remedies has developed to protect the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes.

*Id.*

Petitioner does not contest the fact that he has not exhausted his state court remedies. Instead, he argues that "[g]iven the extraordinary circumstances created by the COVID-19 crisis, state courts are currently unavailable to post-conviction [*sic*] matters and only dealing with pre-trial bond reviews or are unwilling to consider these petitions quickly." ECF No. 9 at PageID.166.

Respondent contends that Petitioner's representation regarding a lack of state court remedies is "patently false." ECF No. 11 at PageID.343. Respondent identifies motions that Petitioner has filed in the state court to which the state courts have given prompt attention. This

includes Petitioner's motion to "reinstate bond or transfer to home confinement" that he filed with the state trial court. The trial court denied the motion, finding that:

> Mr. Labelle alleges he poses no danger to others and he should be released due to the current COVID-19 pandemic or transferred to home confinement or electronic monitoring…
>
> Considering the conviction for a serious assaultive crime involving a firearm and the petitioner's leaving the jurisdiction in violation of prior bond conditions the court is not persuaded that reinstatement of bond or transfer to home confinement is warranted.

ECF No. 11 at PageID.343-44. Petitioner subsequently filed a motion for reconsideration, which the state court denied on April 14, 2020.

Respondent further argues that Petitioner may file an interlocutory appeal with the Michigan Court of Appeals and receive a prompt resolution. Respondent identifies a recent unrelated case in which the defendant filed an emergency motion to modify bail due to COVID-19. *People v. Chandler*, 2020 WL 2305277 (Mich. May 8, 2020). The trial court denied the motion on April 14, 2020. The defendant appealed the decision and his claim was denied by the Michigan Court of Appeals a week later on April 21, 2020. On April 27, 2020 the defendant applied for leave to appeal the decision to the Michigan Supreme Court which issued its decision on May 8, 2020.

Contrary to Petitioner's argument, the Michigan courts are promptly addressing petitions for release due to COVID-19. Petitioner must first seek relief with the state courts before seeking habeas relief with the federal courts.

### III.

Accordingly, it is **ORDERED** that Defendant's motion for reconsideration, ECF No. 9, is **DENIED**.

Dated: May 21, 2020          s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge